UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT ALLEN,<br><br>       Plaintiff,<br><br>    -against-<br><br>MICHAEL FINLEY (VP DALLAS MAVERICKS); RAMON LAGUARTA (PEPSICO CEO),<br><br>       Defendants. | 1:21-CV-3840 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, asserts claims for the appropriation of his alleged idea for the drink brand "Aquafina." Plaintiff sues: (1) Michael Finley, a former professional basketball player and the current Vice President in charge of Basketball Operations for the Dallas Mavericks professional basketball team; and (2) Ramon Laguarta, the Chief Executive Officer of Pepsico. He invokes the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. By order dated July 30, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action.

BACKGROUND

  Plaintiff alleges the following: When Plaintiff was 11 years old and living in rural Georgia, he had an opportunity to speak to Defendant Michael Finley, who was then a professional basketball player. Finley asked Plaintiff "for a name to start a business." (ECF 2, at 6.) Plaintiff thought of the name "Aquafina" as the name for a drink, and told Finley about that idea. Finley approved of the idea. Plaintiff also "explained the marketing strategy for [Finley]

which was to use sky blue writing and also a clear bottle for people to actually see the water inside." (*Id.* at 7.)

Plaintiff "look[s] to be compensated and also [to be] given credit for [his] ideas." (*Id.* at 8.) "Due to [his] relationship with Michael Finley," Plaintiff is seeking $43 million "as compensation for [his] idea of Aquafina." (*Id.* at 9.) Plaintiff believes that this is "fair and . . . won't cause any harm to [the] welfare of the employees of Pepsico." (*Id.*)

## DISCUSSION

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)*; see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Id.* (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Plaintiff should be familiar with these standards, which the Court has applied in dismissing nine other actions that he has filed. Based on Plaintiff's history of filing vexatious litigation, by order dated June 28, 2021, the Court barred Plaintiff from filing future civil actions in this court IFP without first obtaining leave to file. *Allen v. Almanzar*, ECF 1:21-CV-3838, 5 (S.D.N.Y. June 28, 2021).

Because Plaintiff filed this action before the Court issued the filing restriction, this action is not subject to it. But this action is not a departure from Plaintiff's pattern of vexatious litigation.

The Court finds that Plaintiff's factual allegations – that as an 11-year-old child, at the request of a professional basketball player, Michael Finley, Plaintiff developed the idea of "Aquafina" as the brand name of a drink and then revealed his idea to Finley (Plaintiff does not allege how his idea was transmitted from Finley to anyone having any connection with the Aquafina beverage) – present no basis for a legally viable claim and are factually baseless.[1]

As the Supreme Court of the United States has held, where, as here, "the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" a court may dismiss a claim as "factually frivolous." *Denton v Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Id*. at 33. Even if Plaintiff's assertions could be construed as a claim for trademark infringement, Plaintiff clearly does not have any protectible trademark.[2] *See Neitzke v.*

---

[1] In other actions Plaintiff filed in this court, Plaintiff alleged that he also developed the brand names "GameStop" and "Dasani." *See Allen v. Thomas*, ECF 1:21-CV-3841, 2; *Allen v. Payton*, ECF 1:21-CV-4698, 2.

[2] A trademark:

> is a very unique type of property. There is no such thing as property in a trademark except as a right appurtenant to an established business or trade in connection with which the mark is employed. Therefore, a trademark is not property in the ordinary sense, but only a word or symbol indicating the origin or source of a product. The owner of the mark acquires the right to prevent his goods from being confused with those of others and to prevent his own trade from being diverted to competitors through their use of misleading marks. There are no rights in a trade-mark beyond these.

*Pirone v. MacMillan, Inc.*, 894 F.2d 579, 581 (2d Cir. 1990) (internal quotation marks and citation omitted).

*Williams*, 490 U.S. 319, 327-28 (1989) ("Examples of [claims based on an indisputably meritless legal theory include] . . . claims of infringement of a legal interest which clearly does not exist. . . . Examples of [claims whose factual contentions are clearly baseless] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."). For these reasons, the Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally permit Plaintiff to amend his complaint. But the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss a complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face"). The Court therefore declines to grant Plaintiff leave to amend.

The Court reminds Plaintiff that the filing restriction remains in effect with respect any future civil actions he files in this court IFP.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 26, 2021
New York, New York

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       Chief United States District Judge